IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMI WATERS,** | **CIVIL NO. 1:CV-06-1980** |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| **GARRETT R. MILLER,** *et al.*, | |
| Defendants. | |

### MEMORANDUM and ORDER

The background of this order is as follows.  On or about August 29, 2006, *pro se* Plaintiff, Jami Waters, filed suit in the Court of Common Pleas of Dauphin County against Defendants Garrett R. Miller, Edward R. Williams, and Marsha C. Stewart, alleging constitutional deprivations in connection with his January 2006 arrest and subsequent prosecution.  The case was removed to this court on October 5, 2006, and Defendant Miller filed his answer to the complaint on October 11, 2006.

Defendant Miller asserts that his counsel contacted Plaintiff by telephone and the parties scheduled Plaintiff's deposition for March 16, 2007. Defendant Miller further asserts that, during that call, Plaintiff confirmed that he was living at his sister's residence at 1203 Chestnut Street, Harrisburg, Pennsylvania.  Defendant Miller subsequently sent a notice for the deposition to Plaintiff, care of his sister, Ms. Dorese Maple, at the Chestnut Street address.

After Plaintiff failed to appear at his scheduled deposition, Defendant Miller filed a motion to compel, which the court granted.  On March 28, 2007, the

court ordered Plaintiff to appear at a deposition scheduled for April 6, 2007, and stated that Plaintiff's failure to appear at the deposition would result in dismissal of the captioned action. (Doc. 10.) A copy of the order was mailed to Plaintiff at the Chestnut Street address.

Defendant Miller now asserts that Plaintiff failed to appear at the April 6, 2007 deposition. Presently before the court is Defendant Miller's motion to dismiss the complaint for failure to comply with the court's order. (Doc. 11.) If a plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court, a defendant may move for dismissal of an action" against the defendant. Fed. R. Civ. P. 41(b). However, before the court may dismiss a complaint, it must review several factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Those factors are:

> (1) the extent of party's personal responsibility; (2) the prejudice to adversary caused by failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entail analysis of alternative sanctions; and (6) the meritoriousness of claim or defense.

*Id.* Although the court must balance all of the factors, dismissal may be warranted even if not all of them are satisfied. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

The court finds that the first five factors weigh in favor of dismissal. The instant Plaintiff is *pro se*; thus, he bears sole responsibility for failing to respond to Defendant's request for a deposition and for disobeying the court's order. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992).

Similarly, the court finds that Plaintiff's refusal to comply with the court's order, which clearly stated the consequences for non-compliance, was willful. Plaintiff's repeated failure to appear at the scheduled depositions has denied Defendant Miller the opportunity to prepare a defense to Plaintiff's claims, and established a history of dilatoriness by Plaintiff with respect to discovery. In addition, because Plaintiff is not an attorney, the court cannot impose disciplinary action against him. *See Williams v. Potter*, No. Civ.A.04-1200, 2006 WL 515536, at *2 (W.D. Pa. Feb. 28, 2006). Further, given Plaintiff's *pro se* status, the court questions whether economic sanctions would be effective or practical. *See id.* Accordingly, the court finds that no effective alternative sanctions are available.

Finally, the court has little means at this stage of the litigation to evaluate the merits of Plaintiff's claims. However, because *Poulis* factors one through five weigh in favor of dismissal, the court will dismiss Plaintiff's complaint as to Defendant Miller.[1]

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) Defendant, Garrett R. Miller's Motion to Dismiss Plaintiff's Complaint for Failure to Comply with a Court Order (Doc. 11) is **GRANTED**;

2) The captioned action is **DISMISSED** as to Defendant Miller only. The case remains in effect as to Defendants Edward R. Williams and Martha C. Stewart; and

---

[1] No counsel has entered an appearance in this court for Defendants Williams and Stewart. *See* M.D. Pa. L. R. 83.14 ("Appearance by attorneys or parties not signing pleadings or motions shall be by praecipe filed with the clerk except as provided in Local Rule 83.9."). Nor did Defendants Williams and Stewart join in Defendant Miller's motion to compel or motion to dismiss. The court will direct the Clerk of Court to send a copy of this order to David M. Donaldson, who was listed as the attorney for Defendants Williams and Stewart in the Dauphin County Court of Common Pleas.

3) The Clerk of Court is directed to send a copy of this order to David M. Donaldson, at 1515 Market Street, Suite 1414, Philadelphia, PA 19102, in addition to Plaintiff and counsel for Defendant Miller.

                                         s/Sylvia H. Rambo
                                         SYLVIA H. RAMBO
                                         United States District Judge

Dated: May 24, 2007.