IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMI WATERS,** | CIVIL NO. 1:CV-06-1980 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| **GARRETT R. MILLER**, *et al.*, | |
| Defendants. | |

## **MEMORANDUM and ORDER**

The background of this order is as follows.  On or about August 29, 2006, *pro se* Plaintiff, Jami Waters, filed suit in the Court of Common Pleas of Dauphin County against Defendants Garrett R. Miller, Edward R. Williams, and Marsha C. Stewart, alleging constitutional deprivations in connection with his January 2006 arrest and subsequent prosecution.  The case was removed to this court on October 5, 2006, and Defendant Miller filed his answer to the complaint on October 11, 2006.

On May 24, 2007, following a series of events connected with Defendant Miller's attempts to take Plaintiff's deposition and Plaintiff's failure to comply with a court order to appear at a scheduled deposition, the court dismissed the complaint as to Defendant Miller (Doc 15).[1]

On May 30, 2007, Defendants Williams and Stewart filed a motion to dismiss Plaintiff's complaint (Doc. 17), asserting judicial immunity.  Pursuant to

---

[1] The court granted Defendant Miller's motion to dismiss after consideration of the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Local Rule 7.6 of the Middle District of Pennsylvania Rules of Court, Plaintiff's response to Defendants' motion was due on June 18, 2007. M.D. Pa. R. 7.6 ("Any party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief.")[2] No response has been filed. Thus, the court will deem the motion unopposed and ripe for disposition. *Id.*

The court will address the merits of Defendants' argument. However, because Plaintiff is *pro se*, the court will consider the merits within the context of the *Poulis* factors. If a plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court, a defendant may move for dismissal of an action" against the defendant. Fed. R. Civ. P. 41(b). However, before the court may dismiss a complaint, it must review several factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Those factors are:

> (1) the extent of party's personal responsibility; (2) the prejudice to adversary caused by failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entail analysis of alternative sanctions; and (6) the meritoriousness of claim or defense.

*Id.* Although the court must balance all of the factors, dismissal may be warranted even if not all of them are satisfied. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

The court finds that all of the factors weigh in favor of dismissal. Because Plaintiff is *pro se*, he bears sole responsibility for failing to respond to

---

[2] The court adds three (3) days to the prescribed fifteen (15) days allotted, in accordance with Federal Rule of Civil Procedure 6(e).

Defendants' motion (factor one). *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992). Similarly, the court finds that Plaintiff's failure to respond to Defendants' motion to dismiss was willful (factor four). Plaintiff's repeated failure to appear at depositions scheduled by Defendant Miller and ordered by the court, and his failure to respond to either Defendant Miller's motion to dismiss or the instant motion to dismiss, establish a history of dilatoriness by Plaintiff (factor three). Because Plaintiff is not an attorney, the court cannot impose disciplinary action against him. *See Williams v. Potter*, No. Civ.A.04-1200, 2006 WL 515536, at *2 (W.D. Pa. Feb. 28, 2006). Further, given Plaintiff's *pro se* status, the court questions whether economic sanctions would be effective or practical. *See id.* Accordingly, the court finds that no effective alternative sanctions are available (factor five).

With respect to factor six, the court concludes that Plaintiff's claims are without merit because Defendants Williams and Stewart are entitled to judicial immunity. Judges acting in a judicial capacity, pursuant to proper jurisdiction, are immune from suit, even in situations involving allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff's allegations against Defendants Williams and Stewart challenge the acceptance of an affidavit and the amount of bail that was set in connection with the January 2006 arrest. (*See* Doc. 2 ¶¶ 1-3.) These are actions that are clearly judicial in nature. Accordingly, the court concludes that Defendants are entitled to judicial immunity and Plaintiff's claims appear to be without merit (factor six).

The court notes that Plaintiff's complaint also contains allegations that Defendant Stewart's commission had expired prior to the dates on which his arrest

warrant was issued and bail was set.  (*Id.* ¶ 4.)  This could conceivably bear upon the question of judicial immunity by calling into question whether Defendants' jurisdiction was proper.  In this regard, Plaintiff's failure to respond to the motions and orders filed in this action prejudices Defendants by denying them the opportunity to adequately investigate and prepare a defense to such claims (factor two).

In accordance with the court's determination that all of the *Poulis* factors weigh in favor of dismissal of Plaintiff's complaint against Defendants Williams and Stewart, **IT IS HEREBY ORDERED THAT:**

1) Defendants' Motion to Dismiss (Doc. 17) is **GRANTED**;

2) The complaint is **DISMISSED, with prejudice**; and

2) The Clerk of Court is directed to close the file.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated:  July 12, 2007.